IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FREDERICK GIBBONS and SOULTRY SOUNDS ENTERPRISE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 123-174 |
| SEDERA FLETCHER HOWE, | ) ) | |
| Defendant. | ) ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant Sedera Fletcher Howe, proceeding *pro se*, attempts to remove to this Court a dispossessory action filed by Plaintiffs Frederick Gibbons and Soultry Sounds Enterprise, LLC, from an unidentified state Magistrate Court. (Doc. no. 1.) In consideration of the record, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to proceed *in forma pauperis* ("IFP") be **DENIED AS MOOT**, (doc. no. 2), this case be **DISMISSED** for lack of subject matter jurisdiction, and this civil action be **CLOSED**.

I.   **BACKGROUND**

According to Defendant's Complaint, which is captioned as "Defendant's Notice of Removal," Plaintiffs filed a dispossessory action against Defendant in a state Magistrate Court[1]

---

[1] Defendant does not identify the jurisdiction in which the dispossessory action was filed. (See doc. no. 1.) Though Defendant identifies Richmond County, Georgia, as the county of residence for Plaintiffs and Defendant, (id. at 5), the Court is unable to locate a state court dispossessory action between Plaintiffs and Defendant via the online docket for Richmond County Civil and Magistrate Court, see Augusta, Ga. Case Mgmt. Search, https://cocaugustaga.com/MarshalSearch/mainpage.aspx (click "Civil Search," then search party names) (last visited Dec. 6, 2023).

on November 15, 2023, for which Defendant received a dispossessory warrant on November 17, 2023. (Doc. no. 1, p. 6.) On November 29, 2023, Defendant filed a "Notice of Removal," asserting federal question jurisdiction by claiming the suit "involves a federal question" and "arises under [A]rticle I, section 10 to the U.S. Constitution." (Id. at 2.) Defendant also asserts "Plaintiff's claim arises under 28 U.S.C. § 1332," apparently invoking diversity jurisdiction. (Id. at 1.) Defendant does not state the amount in controversy and provides Richmond County, Georgia, addresses for herself and Plaintiffs. (See id. at 5.)

Despite Defendant's assertion that "[c]opies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a)," (id. at 4), no documents from the state court action were attached to Defendant's "Notice of Removal," (see id.). In light of this deficiency, the Clerk of Court docketed Defendant's filing as a Complaint to open this case. (See generally id.) Because of Defendant's failure to comply with the procedural requirements for removal, the Court has only Defendant's "Notice of Removal" to review, which includes an attached Civil Cover Sheet completed by Defendant. (See id.) Defendant has not paid the filing fee but instead requests permission to proceed IFP. (Doc. no. 2.)

## II.   DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466,

1469 (11th Cir. 1997).  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings.  Goodman *ex rel.* Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

A removing defendant has the burden to establish federal jurisdiction.  See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).  The removing party must point to facts, not conclusory allegations, to meet its burden.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). The Court construes the removal statute narrowly.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010).  Indeed, "all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

Here, Defendant fails to allege a basis for federal subject matter jurisdiction.  Though she generally alleges federal jurisdiction, the case as described by Defendant is simply a dispossessory action.  (See generally doc. no. 1.)  No federal statute applies to invoke federal question jurisdiction here.  Rather, "[t]his is a tenant-eviction case that doesn't belong in federal court."  Gundogdu v. WDF-4 Wood Harbour Park Owner, LLC, No. 21-61003-CIV, 2022 WL 2702624, at *1 (S.D. Fla. July 12, 2022).

Courts within the Eleventh Circuit routinely remand dispossessory actions as they state no federal claim.  See, e.g., id.; Daley Realestate v. Bester, No. CV422-267, 2022 WL 18276705, at *3 (S.D. Ga. Nov. 16, 2022), *adopted by* 2023 WL 174994 (S.D. Ga. Jan. 12, 2023); Chastain v. Soomro, No. 3:20CV4181-MCR-HTC, 2020 WL 2231822 *3 (N.D. Fla. Mar. 18, 2020), *adopted by* 2020 WL 2216905 (N.D. Fla. May 7, 2020); Am. Homes 4 Rent Props. Eight, LLC ISAOA v. Green, CV 115-068, 2015 WL 5043222, at *2 (S.D. Ga. Aug. 25, 2015) (collecting cases for proposition dispossessory action is matter of state law) (Hall,

3

C.J.). Defendant's reference to Article I, Section 10 of the U.S. Constitution[2] does not save this case. See Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the *complaint* does not affirmatively allege a federal claim." (emphasis added)); OG Grp., LLC v. Marcisak, No. 17-CIV-62397, 2018 WL 1902077, at *1 (S.D. Fla. Jan. 23, 2018) (finding no federal question in removing defendant's reference to the Civil Rights Act of 1968 when "complaint attached is simply a state court eviction action"); Citibank, N.A. v. Johnson, No. 1:14-CV-1784-WSD, 2014 WL 5019924, at *5 (N.D. Ga. Oct. 7, 2014).

Defendant briefly raises diversity of citizenship as a basis for federal jurisdiction, but the Court finds no such diversity jurisdiction exists. Federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a). Defendant has not pled diversity of citizenship; rather, she lists Georgia addresses for herself and Plaintiff and does not allege any parties are citizens of different states. (Doc. no. 1, p. 5.) Defendant also has not shown the amount-in-controversy exceeds the $75,000 threshold, and removing defendants "may not rely on the value of the property as a whole to satisfy the amount in controversy requirement." Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); see Daley Realestate, 2022 WL 18276705, at *2 (remanding eviction action when defendant "has not alleged, even in a conclusory fashion,

---

[2] The Constitutional provision provides in full: "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility." U.S. Const. art. I, § 10.

4

that the amount in controversy exceeds the jurisdictional threshold.") Accordingly, Defendant has not established diversity of citizenship or that the amount in controversy exceeds $75,000.

"It is true that the general rules of notice pleading apply to notices of removal in this Circuit, and '[w]hen it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice.'" Alabama v. Lucy, No. 14-CV-434, 2014 WL 4685631, at *4 (S.D. Ala. Sept. 22, 2014) (quoting Jemison v. Mitchell, 380 F. App'x 904, 907 (11th Cir. 2010) (*per curiam*)). However, the district court need not grant leave to amend should an amendment be futile. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Id. Given Defendant's description of the underlying state court action as a dispossessory action, the Court concludes that any amendment to Defendant's Notice of Removal would be futile.

In sum, the Court concludes Defendant has not met her burden of establishing federal jurisdiction, and because Defendant has not provided any documentation as to the state court to which the case may be remanded, the case should be dismissed without prejudice. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). As this Court lacks jurisdiction, Defendant's request to proceed IFP is moot.

### III. CONCLUSION

Because there is no subject-matter jurisdiction and Defendant has not identified a pending state court action for remand, the Court **REPORTS** and **RECOMMENDS**

Defendant's IFP motion be **DENIED AS MOOT**, (doc. no. 2), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 7th day of December, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA